IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01774

SUNBORNE XVI, LTD., a Colorado limited partnership,
SUNBORNE OFFICE TERMINAL VENTURE, LLC,
a Colorado limited liability company, and
SUNBORNE HANGAR VENTURE I, LLC,
a Colorado limited liability company,

    Plaintiffs,

v.

SIGNATURE FLIGHT SUPPORT CORPORATION,
a Delaware corporation,

    Defendant.
_____

**ORDER**
_____

    The matter before the Court is defendant Signature Flight Support Corporation's

("Signature") Motion to Dismiss, or in the Alternative, Compel Arbitration [Docket Nos.

6, 7], filed August 26, 2008.  Plaintiffs SunBorne XVI, Ltd., SunBorne Office Terminal

Venture, LLC, and SunBorne Hangar Venture I, LLC (collectively, "SunBorne")

responded to the motion to dismiss on September 18, 2008 [Docket No. 8].  Signature

replied on October 3, 2008 [Docket No. 11].  The motion is fully briefed and ripe for

review.  For the reasons discussed below, I conclude that SunBorne's claims are

subject to mediation or arbitration and, therefore, this case must be stayed during the

pendency of such proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

SunBorne commenced the instant action on July 18, 2008 in the District Court for Arapahoe County, Colorado.  Signature removed the case to federal court on August 19, 2008, alleging jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship among the parties and an amount in controversy exceeding $75,000. Signature then moved to dismiss SunBorne's complaint or, in the alternative, to compel arbitration and stay these proceedings, on the grounds that SunBorne asserts claims which must be submitted to an arbitrator pursuant to agreement of the parties.

According to SunBorne's complaint, in April 1999, plaintiffs and Signature's predecessor, Signature Flight Support – Colorado, Inc. ("Signature Colorado"), entered into three related agreements: (1) an Operating Agreement between Signature Colorado and SunBorne XVI, Ltd.; (2) an Office/Terminal Lease between Signature Colorado and SunBorne Office Terminal Venture, LLC; and (3) a Hangar Lease between Signature Colorado and SunBorne Hangar Venture I, LLC.  The purpose of these agreements was to facilitate Signature's operation of a fixed base operation ("FBO") on property located at Centennial Airport in Arapahoe County, Colorado, which is leased by SunBorne XVI, Ltd. from the Arapahoe County Public Airport Authority. Through this FBO, Signature has offered a number of airport related services, such as fueling, hangar and office rentals, ground handling, and other crew and passenger amenities.

SunBorne alleges that Signature has breached provisions of these agreements by failing to maintain landscaping on the FBO premises and by failing to maintain certain ramp areas.  Due to these alleged defaults, SunBorne claims that Signature has

breached the Operating Agreement and the related leases, entitling SunBorne to

damages, along with the other remedies provided by those agreements (including the

right to terminate the agreements). SunBorne also seeks a declaration that Signature's

conduct constituted defaults under the contracts, that SunBorne rightfully and

effectively terminated the three agreements, and that Signature must comply with the

termination procedures set forth therein.

Section 9.4 of the Operating Agreement contains the following "Mandatory

Mediation/Arbitration" clause:

> If a dispute arises out of or relates to this Agreement, or the breach
> thereof, and if said dispute cannot be settled through direct discussions,
> the parties agree to first endeavor to settle the dispute in an amicable
> manner by mediation administered by the American Arbitration
> Association under its Commercial Mediation Rules, before resorting to
> arbitration. Thereafter, any unresolved controversy or claim arising out of
> or relating to this Agreement, or breach thereof, shall be settled by final
> and binding arbitration in Denver, Colorado, administered by the American
> Arbitration Association in accordance with its Commercial Arbitration
> Rules, and judgment upon the Award rendered by the arbitrator(s) may be
> entered in any court having jurisdiction thereof.

SunBorne's complaint alleges that this arbitration provision does not require submission

to mediation or arbitration of the claims asserted in this lawsuit because there is no

dispute between SunBorne and Signature within the meaning of Section 9.4. In support

of this reading, SunBorne alleges that Signature repeatedly ignored various

correspondence sent by SunBorne requesting that Signature remedy the alleged

landscaping and ramp area defaults. SunBorne alleges that it sent a final notice of

default to Signature in April 2008, setting a May 2008 deadline to cure the alleged

defaults. SunBorne then sent a letter on June 13, 2008, informing Signature that such

deadline had expired without an adequate cure, and purporting to terminate the

Operating Agreement and related leases. Signature sent a response letter on June 17, 2008, the details of which are unclear from SunBorne's complaint.

Signature requests that this court dismiss SunBorne's complaint for lack of subject matter jurisdiction due to the existence of the arbitration provision, or, alternatively, compel arbitration and stay these proceedings pending resolution via arbitration. In response, SunBorne reiterates the allegations detailed above, namely, that no arbitrable dispute exists because Signature consistently failed to deny its alleged defaults within the time period specified in SunBorne's numerous written requests. Countering this theory, Signature maintains that it did in fact dispute the alleged defaults and engage in negotiations with SunBorne about these topics prior to instigation of this lawsuit. Signature also posits that there is a clear dispute within the meaning of the arbitration clause because Signature is contesting plaintiffs' allegations in this lawsuit.

## II.  ANALYSIS

"Motions to compel arbitration[1] are governed by 9 U.S.C. § 4."  *Spahr v. Secco*, 330 F.3d 1266, 1269 (10th Cir. 2003).  Section 4 of the Federal Arbitration Act ("FAA") provides, in relevant part:

---

[1]  Although Signature moves alternatively for dismissal of this action or a stay of these proceedings pending arbitration, the Court concludes that the latter course is the appropriate one.  "The mere existence of an arbitration agreement . . . does not divest a federal court of subject matter jurisdiction."  *Will v. Parsons Evergreene, LLC*, No.08-cv-00898-DME-CBS, 2008 WL 5330681, *1 (D. Colo. Dec. 19, 2008); *see also Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, (10th Cir. 1994) (holding that under the Federal Arbitration Act, the proper course when presented by a request for stay pending arbitration is to stay the case rather than dismissing the complaint).  Thus, the Court considers Signature's motion as a motion to compel arbitration.

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4 (2006). Under Section 3 of the FAA, upon finding an issue properly referable to arbitration, the court must "on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *Id.* § 3. Because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," the question before the court is whether the breach of contract and declaratory claims raised in SunBorne's complaint are subject to the arbitration agreement between the parties. *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1055 (10th Cir. 2006) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). In determining whether the parties have submitted these questions to arbitration, "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Spahr*, 330 F.3d at 1269-70 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

SunBorne does not dispute that it made a valid and enforceable agreement to arbitrate any disputes arising out of or relating to the Operating Agreement. However, SunBorne contends that the applicability of the arbitration agreement is conditional on the existence of a "dispute." SunBorne argues that no dispute exists as to the alleged defaults by Signature under the Operating Agreement and the related lease agreements that are the subject of this case because Signature did not timely respond to various correspondence sent by SunBorne asserting such defaults and demanding

that they be addressed by Signature.  For this argument, SunBorne relies on a line of precedent holding that "[t]here is no dispute requiring arbitration until a matter of fact or law is asserted by one side and denied by the other."  *Cox v. Fremont County Public Building Authority*, 415 F.2d 882, 886 (10th Cir. 1969).

When deciding what issues the parties agreed to arbitrate, federal courts generally apply ordinary state-law principles of contract interpretation.  *First Options of Chicago, Inc., v. Kaplan*, 514 U.S. 938, 944 (1995).  Review of the plain language of the arbitration clause agreed to by SunBorne and Signature forecloses the interpretation pressed by SunBorne.  It is true that the agreement requires the presence of a "dispute," but nowhere does it imply that such a dispute does not exist when one party fails to respond to the demands of another party within a specified time period.  Rather, the agreement requires mediation, and arbitration if necessary, of disputes that cannot be settled through direct discussions of the parties.  Here, direct discussion did not resolve the issue of Signature's alleged landscaping and ramp area defaults.  SunBorne instead commenced litigation to resolve these issues.  In its motion, Signature makes clear that it disputes such defaults and alleges that it previously notified SunBorne of the same.  Thus, a dispute currently exists between SunBorne and Signature that has eluded settlement by direct discussion.  Because this lawsuit evinces a dispute between SunBorne and Signature, such dispute could not be resolved by direct discussion, and there is no time limit in the arbitration provision limiting the time period in which a dispute relating to the Operating Agreement may exist, the claims in this litigation satisfy the requirements for arbitrability set forth on the face of the arbitration agreement.  *See 1mage Software*, 459 F.3d at 1055 ("Absent some

ambiguity in the [arbitration] agreement, . . . it is the language of the contract that defines the scope of disputes subject to arbitration." (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002))).

The cases cited by SunBorne do not alter this conclusion. In *Fravert v. Fesler*, 53 P. 288 (Colo. App. 1898), the court's holding that arbitration was unnecessary hinged on the fact that the defendant never claimed an entitlement to arbitration in his pleadings, thus waiving the issue. *Gold Uranium Mining Co. v. Chain O'Mines Operators, Inc.*, 262 P.2d 927, 929 (Colo. 1953), involved circumstances in which the record was "entirely devoid of any dispute which calls for arbitration." And in *Cox*, 415 F.2d at 886, the Tenth Circuit held that arbitration was not mandatory when the party asserting a right to arbitration had repeatedly represented he would remedy the defects in building construction giving rise to the lawsuit and had never retracted such representations. This case is different. As stated above, Signature's alleged silence in response to plaintiffs' demands did not demonstrate acquiescence; it demonstrated disagreement triggering the need to invoke arbitration. Moreover, although it is theoretically possible for a litigant to waive the ability to invoke an arbitration clause through failure to assert it in a timely fashion in the course of the litigation, Signature filed its motion to compel arbitration at its first opportunity after plaintiffs filed suit. SunBorne's claims for breach of contract and declaratory judgment must be submitted to mediation or arbitration as required by the parties' agreement before seeking relief in a court of law.

## III. CONCLUSION

SunBorne, as the party resisting arbitration in the face of a mandatory mediation and arbitration provision, bears the burden of proving that its claims are unsuitable for arbitration. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). SunBorne has not met its burden of demonstrating that Signature's alleged breach of the contract containing the mandatory arbitration provision and the appropriate remedies following such breach are not properly questions to be resolved by mediation or arbitration. That Signature may have earlier failed to inform SunBorne of its position regarding the alleged defaults, a fact that Signature contests in this litigation, does not allow the Court to say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Accordingly, it is

**ORDERED** that Signature Flight Support Corporation's motion to dismiss, or in the alternative, compel arbitration [Docket Nos. 6,7] is GRANTED in part and DENIED in part. That part of the motion seeking dismissal of this action is denied. That part of the motion seeking to compel arbitration is granted. It is further

**ORDERED** that the parties shall proceed to mediate and, if necessary, proceed to arbitrate their dispute according to the provisions of the arbitration agreement between them. It is further

**ORDERED** that, pursuant to 9 U.S.C. § 3, this action is STAYED in all respects pending the resolution of such mediation or arbitration. It is further

**ORDERED** that this action shall be administratively closed, pursuant to

D.C.COLO.LCivR 41.2, subject to reopening upon motion of the parties for good cause.

If no action is taken to reopen this case before May 1, 2010, the case will be dismissed

without prejudice without any further notice to the parties.

DATED April 3, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge